# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUSTIN CHACKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-18-00455-PRW |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On December 18, 2018, United States Magistrate Judge Gary M. Purcell issued a Report and Recommendation (Dkt. 21) in this action in which the Plaintiff seeks judicial review of the Defendant's final decision denying his application for disability insurance and supplemental security income benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The Magistrate Judge recommended the Commissioner's decision in this matter be affirmed. The parties were advised of their right to object to the Report and Recommendation by January 7, 2019. The Plaintiff has timely filed his objections.

The Plaintiff first objects to the Report and Recommendation by contending that the Magistrate Judge engaged in improper post-hoc rationalization of the ALJ's assessment of his residual functional capacity (RFC), particularly insofar as it recommended avoidance of exposure to vibrations. In particular, the Plaintiff takes issue with the Magistrate Judge's

1

statement that, "in light of [Dr. Lorber's] testimony in which he refused to provide an opinion related to Plaintiff's migraines, *it stands to reason* this recommended limitation was, as Plaintiff contends, related to a different impairment."[1] Having carefully reviewed this matter de novo, the Court finds that the Magistrate Judge did not engage in any improper post-hoc reasoning in making his findings in the Report and Recommendation. Looking at the administrative record, it is readily apparent the ALJ imposed a vibration restriction because of tremors that the consultative examiner, Dr. Lawton, observed at a post-hearing appointment and attributed to rebound headaches caused by medications.[2] The Magistrate Judge's statement is not a rationalization; it is a statement of fact that the restriction was imposed because of tremors that in turn are related to medications the Plaintiff was taking for either one of his impairments.

The Plaintiff's second objection is related to the Magistrate Judge's allegedly "significant error" in rejecting the Plaintiff's complaints of photophobia, phonophobia, and nausea for lack of objective medical evidence. In his briefs, the Plaintiff pointed out nine

---

[1] *See* Pl.'s Obj. to Mag.'s R. & R. (Dkt. 25) at 2–3 (quoting R. & R. (Dkt. 21) at 8–9).

[2] Admin. R. at 102 (where the ALJ says: "However, considering his tremor during the consultative examination, identified as related to rebound headaches (Ex. 22F/2); the claimant must avoid exposure to vibrations."); *see also id.* at 948–49 (part of the referenced Exhibit No. 22F, where Dr. Lawton states in his note from the December 20, 2016 appointment: "His medications consist of Topamax, Fioricet, Cymbalta, Baclofen, Lyrica, Percocet, Zofran and a variety of supplements and vitamins. . . . There is a very fine tremor of the outstretched hands that I would attribute to the polypharmacy. . . . I am greatly inclined to think the patient's headaches are rebound in type given the polypharmacy as described above.")

medical records that he contends "consistently" demonstrate limitations related to light, sound, nausea, and vomiting.[3] Of those nine records, three are duplicates.[4] Of the six records that are not duplicates, five contain an identical History of Present Illness, or "HPI," stating that Plaintiff is an "A[dult ]M[ale] with h[istory] of migraine who presents for evaluation. P[atien]t states onset of headache was 1997 after M[otor ]V[ehicle ]A[ccident;] p[atien]t was struck by a large truck at the time. P[atien]t states pain is bilateral temp[oral] head region, throbbing, photophobia, phonophobia, nausea, vomiting. 2–4/week, will last 12–24 hours."[5] Besides the fact that these statements are self-reported and are not supported by objective medical evidence, which the Magistrate Judge found noteworthy,[6] the Court does not believe that a repetitive, boiler-plate recitation of the present illness's history demonstrates consistent, long-lasting problems that merit additional limitations for Plaintiff's RFC. Moreover, the Plaintiff does not cite one case or regulation in support of the Magistrate Judge's alleged error in affirming the ALJ's rejection of limitations related to light, sound, or ability to attend work.

---

[3] *See* Pl.'s Br. (Dkt. 14) at 8 (citing Admin. R. at 447, 449, 455, 509, 533, 693, 745, 921, 924); *see also* R. & R. (Dkt. 21) at 5–6 (referencing the same).

[4] *Compare* Admin R. at 449 (Dr. Masih's notes from a January 14, 2014 appointment with Plaintiff) *with id.* at 509, 533 (same); *compare id.* at 921 (Dr. Porter's notes from a December 9, 2015 appointment with Plaintiff), *with id.* at 745 (same).

[5] *See id.* at 447, 449, 455, 693, 924.

[6] *See* R. & R. (Dkt. 21), at 6.

The relevant authorities concerning how much weight to give Plaintiff's statements about symptoms like photophobia, phonophobia, nausea, and vomiting are 20 C.F.R. § 1529(a)[7] and Social Security Ruling 16-3P.[8] Having carefully reviewed this matter de

---

[7] The full text of § 1529(a) provides:

> (a) General. In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. We will consider all of your statements about your symptoms, such as pain, and any description your medical sources or nonmedical sources may provide about how the symptoms affect your activities of daily living and your ability to work. *However, statements about your pain or other symptoms will not alone establish that you are disabled. There must be objective medical evidence from an acceptable medical source that shows you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and that, when considered with all of the other evidence* (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), *would lead to a conclusion that you are disabled*. In evaluating the intensity and persistence of your symptoms, including pain, *we will consider all of the available evidence*, including your medical history, the medical signs and laboratory findings, and statements about how your symptoms affect you. We will then determine the extent to which you alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how your symptoms affect your ability to work.

20 C.F.R. 1529(a) (2017) (emphasis added).

[8] Social Security Ruling 16-3P, which went into effect on March 16, 2016, provides guidance about how the Social Security Administration "evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms in disability claims under Titles II and XVI of the Social Security Act." SSR 16-3P, 2016 WL 1119029, at *1 (Mar. 16, 2016). It describes a two-step process for evaluating an individual's symptoms:

> **Step 1: We Determine Whether the Individual Has a Medically Determinable Impairment (MDI) That Could Reasonably be Expected To Produce the Individual's Alleged Symptoms**

An individual's symptoms, such as pain, fatigue, shortness of breath, weakness, nervousness, or periods of poor concentration will not be found to affect the ability to perform work-related activities for an adult . . . unless medical signs or laboratory findings [i.e., objective medical evidence] show a medically determinable impairment is present. . . . We call the medical evidence that provides signs or laboratory findings objective medical evidence. *We must have objective medical evidence from an acceptable medical source to establish the existence of a medical determinable impairment* that could reasonably be expected to produce an individual's alleged symptoms.

. . . .

**Step 2: We Evaluate the Intensity and Persistence of an Individual's Symptoms Such as Pain and Determine the Extent to Which an Individual's Symptoms Limit His or Her Ability to Perform Work-Related Activities for an Adult . . . .**

Once the existence of a medically determinable impairment that could reasonably be expected to produce pain or other symptoms is established, we recognize that some individuals may experience symptoms differently and may be limited by symptoms to a greater or lesser extent than other individuals with the same medical impairments, the same objective medical evidence, and the same non-medical evidence. *In considering the intensity, persistence, and limiting effects of an individual's symptoms, we examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.*

. . . .

**1. Consideration of Objective Medical Evidence.**

. . . *We must consider whether an individual's statements about the intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical signs and laboratory findings of record.*

The intensity, persistence, and limited effects of many symptoms can be clinically observed and recorded in the medical evidence. . . .

. . . .

However, *we will not disregard an individual's statements about the intensity persistence, and limiting effects of symptoms solely because the*

novo, the Court finds that the Magistrate Judge did not err in affirming the Acting Commissioner's decision and that the Acting Commissioner's decision properly considered all relevant evidence. All that is required to affirm the Acting Commissioner's decision is substantial evidence in the record,[9] which is "more than a scintilla, but less than a preponderance."[10] The record contains substantial evidence supporting the Acting Commissioner's decision.[11] To the extent the Plaintiff wants this Court to give his

---

> *objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual.*
>
> **2. Consideration of Other Evidence**
>
> *If we cannot make a disability determination or decision that is fully favorable based solely on objective medical evidence, then we carefully consider other evidence in the record in reaching a conclusion about the intensity, persistence, and limiting effects of an individual's symptoms.* Other evidence that we will consider includes statements from the individual, medical sources, and any other sources that might have information . . . as well as the factors set forth in our regulations.

*Id.* at *3–5 (emphasis added). The referenced regulations are 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), which list "other evidence" to be considered, including the individual's "daily activities" and "[t]he type, dosage, effectiveness, and side effects of any medication [the individual] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms."

[9] *See* 42 U.S.C.A. § 405(g) (Supp. 2017); *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (citing *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993)); *Doyal v. Barnhart*, 331 F.3d 759, 760 (10th Cir. 2003) (citing *Andrade*, 985 F.3d at 1047).

[10] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)); *accord Sundown Energy, L.P. v. Hardin & Shelton, Inc.*, 2010 OK 88, ¶ 9, 245 P.3d 1226, 1229–30; *Mullendore v. Mercy Hosp. Ardmore*, 2019 OK 11, ¶ 16, --- P.3d --- (Wyrick, V.C.J., dissenting); *Black's Law Dictionary* 580 (7th ed. 1999).

[11] The ALJ considered all the relevant evidence in the Plaintiff's case record and determined that the Plaintiff's statements about symptoms of photophobia, phonophobia, and nausea were not consistent with the gap in treatment between December 2015 and

statements more weight than the other evidence in the record, he is asking this Court to reweigh the evidence and substitute its judgment for that of the Acting Commissioner. Such reweighing is not permissible.[12]

Accordingly, the Court:

(1) ADOPTS the thorough and well-reasoned Report and Recommendation (Dkt. 21) issued by the Magistrate Judge on December 18, 2018, and

(2) AFFIRMS the decision of the Acting Commissioner.

**IT IS SO ORDERED this 3rd day of June, 2019.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

September 2016; the Plaintiff's ability to function at home, to care for children, to drive a car, and to go shopping; a lack of overt pain behaviors at the hearing; and a lack of symptoms at his medical appointments. See Admin. R. at 101–02.

The Magistrate Judge properly reviewed all the evidence in the record and determined that it constituted more than a scintilla of evidence in support of the ALJ's ruling. See R. & R. (Dkt. 21) at 7 ("The record provides substantial evidence to support the RFC, including the ALJ's omission of limitations related to sound and light exposure as well as frequent absences and unscheduled breaks.").

[12] See Alarid v. Colvin, 590 Fed. App'x 789, 795 (10th Cir. 2014) (citing Oldham v. Astrue, 509 F.3d 1254, 1257 (10th Cir. 2007)); White v. Barnhart, 287 F.3d 903, 905, 909 (10th Cir. 2001) (citing Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994); Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)).